UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBORAH R. WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CV-64-HBG |
| ) | |
| ANDREW M. SAUL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 14]. Now before the Court is the Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 22], filed on August 6, 2019. Plaintiff requests that the Court enter an Order awarding $3,791.00 in attorney's fees, costs in the amount of $400.00, and $24.00 in expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I. BACKGROUND**

On August 30, 2018, Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 15 & 16], and on October 15, 2018, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. The Court entered a Memorandum Opinion [Doc. 20] on July 18, 2019, granting Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court ordered that the case be remanded to the Administrative Law Judge to reconsider Plaintiff's medical improvement in accordance with the Memorandum Opinion. Plaintiff subsequently filed the instant motion on August 6, 2019, as well as an Affidavit in Support [Doc. 23] and Memorandum in Support [Doc. 24], and the

Commissioner filed a response [Doc. 25] on September 13, 2019, stating that he had no opposition to the payment of attorney's fees, costs, and expenses in the amount requested.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

1. Plaintiff must be a prevailing party;

2. The Commissioner's position must be without substantial justification;

3. No special circumstances warranting denial of fees may exist;

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1). The Court will address each consideration in turn.

### A. The Plaintiff is the Prevailing Party

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders him a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Thus, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose the Plaintiff's request for attorney's fees under the EAJA [Doc. 25], thereby conceding that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

**D.     The Plaintiff's Request for an Award of Fees is Timely**

In support of his motion for attorney's fees, Plaintiff's counsel submitted an affidavit and itemized statement detailing the work performed in this case on behalf of the Plaintiff which amounted to 22.30 hours expended, at a requested hourly rate of $170.00 per hour, as well as costs in the amount of $400.00, and expenses in the amount of $20.73. [Doc. 22]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

**E.     The Court Finds that the Fees Requested Are Reasonable**

Further, the Commissioner has no opposition to the Plaintiff's request for attorney's fees and expenses and costs, and the Commissioner has conceded that the Plaintiff is entitled to the amount requested. Plaintiff has submitted an itemized statement detailing the work performed in this case on behalf of the Plaintiff which amounted to 22.30 hours expended, at a requested hourly rate of $170.00 per hour.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

3

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).

In the present case, to support his request for an increase in the hourly rate, Plaintiff's counsel submitted an affidavit from Attorney William J. Crockett [Doc. 22-1], who attests that he practices in partnership with Attorney Smith and that he customarily charges $200.00 per hour representing individuals in non-contingent litigation. In his affidavit [Doc. 23-1], Attorney Smith states that he has extensive experience representing claimants before the Social Security Administration, before this Court, and before the United States Court of Appeals for the Sixth Circuit. Attorney Smith also attests that the requested hourly rate is reasonable and customary among attorneys of his experience within this district, and cites to awards of similar attorney's fees within this District. The Court uses the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) to calculate the appropriate hourly rate, and notes that the requested hourly rates appear appropriate. The Court has considered the amount requested, and, combined with the Commissioner's response of non-opposition, the Court finds that the fee amount is reasonable.

## III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d)(1) [**Doc. 22**] is well-taken, and the same is **GRANTED**. The

Court **ORDERS** an award of EAJA fees in the amount of **$3,791.00**, costs in the amount of **$400.00**, and expenses in the amount of **$20.73.**

    **IT IS SO ORDERED**.

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge